NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7094

BRUCE W. EBERT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs

Respondent-Appellee.

_____

DECIDED:  April 11, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

## DECISION

Bruce W. Ebert appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans Appeals ("Board") denying Mr. Ebert's claim for vocational rehabilitation under

chapter 31 of title 38 of the United States Code. Ebert v. Principi, No. 02-01, slip op. (Vet. App. Sept. 13, 2004) ("Veterans Court Decision"). We affirm.

DISCUSSION

I.

Mr. Ebert is a licensed attorney with a Ph.D. in Clinical Psychology. Ebert v. Principi, No. 02-10, slip op. at 2 (B.V.A. Oct. 12, 2001) ("Board Decision"). He suffers from a 60% service-connected disability. Id., slip op. at 4. In September of 1998, Mr. Ebert filed an application with Department of Veterans Affairs ("VA") Regional Office ("RO") in Oakland, California, seeking vocational rehabilitation in the form of an L.L.M. degree in health law from St. Louis University ("SLU"). Id., slip op. at 4. The RO denied Mr. Ebert's request because "the veteran had the education and work experience to find suitable employment." Id., slip op. at 5. In August of 1999, the VA's Central Office ("CO") reviewed Mr. Ebert's claim and found that Mr. Ebert had sufficient experience and training to find suitable employment. Id., slip op. at 10. Thus, the CO also denied his request for vocational rehabilitation.

Mr. Ebert appealed to the Board. Based on Mr. Ebert's testimony in June of 2001 and the evidence presented before the VA, the Board concluded, "There is no evidence of record to show that, given his education and experience, an L.L.M. is necessary to his successful practice of appellate health law now." Id., slip op. at 13, 18. Therefore, the Board affirmed the VA's denial of Mr. Ebert's claim. Id., slip op. at 21.

Mr. Ebert appealed to the Veterans Court, which affirmed the Board's decision denying Mr. Ebert's claim. Veterans Court Decision, slip op. at 2. The Veterans Court concluded that the Board's holding that Mr. Ebert was capable of finding suitable

employment and therefore not entitled to benefits was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Id. The court also rejected Mr. Ebert's argument that the VA failed to assist him in making his claim, as required by 38 U.S.C. § 5107, because the record reflected the VA went out of its way to aid Mr. Ebert, even calling SLU to gather evidence. Id.

II.

On appeal Mr. Ebert argues that the Veterans Court violated his due process rights by basing its decision on what he terms "secret evidence" in the form of the call made by the VA to SLU. The Veterans Court also erred, Mr. Ebert argues, by failing to consider in its decision the testimony he gave before the Board in June of 2001. On the merits Mr. Ebert alleges that he was entitled to vocational benefits under 38 C.F.R. § 21.40. In support of this contention, he argues that the tribunals below erred by failing to consider his interests in determining whether or not he was entitled to benefits as required by 38 C.F.R. § 21.52(b).[1] Mr. Ebert also argues that VA employees delayed his case and ignored expert opinions. Finally, he contends, as he did before the Veterans Court, that the VA failed to assist him in his claim as required by 38 U.S.C. § 5107.

The government counters that under 38 U.S.C. § 7292(d)(2) we lack jurisdiction over Mr. Ebert's case because Mr. Ebert's arguments relate solely to factual issues or the application of the law to the facts. In support of its jurisdictional argument, the

---

[1] Specifically, Mr. Ebert urges that the VA should have found that he had a "serious employment handicap" requiring vocational rehabilitation. 38 C.F.R. § 21.52(b) defines "serious employment handicap" as "a significant impairment of a veteran's ability to prepare for, obtain or retain employment consistent with such veteran's abilities, aptitudes, and interests." (emphasis added). Mr. Ebert argues that he had an interest in health law, which the tribunals below failed to consider.

government notes that Mr. Ebert does not voice a challenge to the interpretation of any of the statutes he cites in his statement of jurisdiction. As to Mr. Ebert's due process argument, the government asserts that the Veterans Court's reference to the VA's call to SLU did not deprive Mr. Ebert of notice or an opportunity to be heard.

## III.

We have jurisdiction to review decisions of the Veterans Court to the extent that they present "questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1) (2000). Our jurisdiction is strictly limited by section 7292(d)(2), however. It provides that we may not review "a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case."

With the exception of his constitutional argument, all of Mr. Ebert's arguments represent challenges to factual determinations or to the application of the law to the facts of his case. For example, Mr. Ebert argues that the VA failed to consider his interests sufficiently under 38 C.F.R. § 21.52(b), rather than arguing that the VA incorrectly interpreted section 21.52(b). With regard to Mr. Ebert's challenges to the Veterans Court's failure to consider his June 2001 testimony before the Board and the conduct of VA officials who allegedly delayed and mishandled his case, Mr. Ebert cites no statutory or constitutional authority at all. Due to Mr. Ebert's failure to raise any legal challenges, we lack jurisdiction to review these allegations under 38 U.S.C. § 7292(d)(2).

In addition, we do not agree with Mr. Ebert's assertion that his appeal involves the interpretation of 38 U.S.C. § 5107 and 38 U.S.C. § 1154 so as to provide us with

jurisdiction.  With regard to section 5107, Mr. Ebert does not contend that the Veterans Court erred in interpreting section 5107.  Rather, Mr. Ebert challenges the Veterans Court's finding that the VA adequately assisted him.  See Veterans Court Decision, slip op. at 2.  Mr. Ebert's only citation to section 1154 is in his cursory statement that it provides jurisdiction.  Accordingly, we lack jurisdiction over most of Mr. Ebert's arguments because he is not raising a question of statutory interpretation or a constitutional argument.

The only argument raised by Mr. Ebert over which we do have jurisdiction under section 7292(d) is his claim that his constitutional right to due process was violated.  "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)).  We do not see how the Veterans Court's passing reference to the allegedly "secret" phone call to SLU deprived Mr. Ebert of notice or an opportunity to be heard.  Further, the substance of the phone call appears to have carried no weight in the Veterans Court Decision; the court merely pointed out that it showed that the VA made ample effort to assist Mr. Ebert.  Veterans Court Decision, slip op. at 2.

For the foregoing reasons, the final decision of the Veterans Court is affirmed.

Each party shall bear its own costs.